IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-77-D

| | |
|---|---|
| DAVID WOOD, YUDHISTHIR BISSOONNAUTH, DAN ONKEN, RICHARD SEEDROFF, SANDRA ALLEN, SAM ELLIS, RYAN TUCKERMAN, DR. DIEN PHAN, GARY SHERMAN, AMANDA WILLIAMS, and RICARDO ALANIZ, individually and on behalf of a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., and SUPERFISH, INC.,<br><br>Defendants. | **RESPONSE TO LENOVO (UNITED STATES) INC.'S MOTION FOR EXTENSION OF TIME** |

Plaintiffs David Wood, Yudhisthir Bissoonnauth, Dan Onken, Richard Seedroff, Sandra Allen, Sam Ellis, Ryan Tuckerman, Dr. Dien Phan, Gary Sherman, Amanda Williams, and Ricardo Alaniz (collectively, "Plaintiffs"), individually and on behalf of a class of similarly situated purchasers of certain Lenovo (United States) Inc. ("Lenovo") products, hereby responds in opposition to Lenovo's motion for extension of time to answer or otherwise respond to the Amended Complaint, (Docket No. 41), and respectfully shows the Court the following:

Plaintiffs consented to a standard first extension of time of 30 days for Lenovo to answer or otherwise respond to the Amended Complaint. Lenovo seeks a substantially longer extension of time, until 45 days *after* the Judicial Panel on Multidistrict Litigation rules on a pending motion for coordination and consolidation of a number of cases pending in this district and

others.[1] Plaintiffs understand that the JPML will not reach the motion in *In re Lenovo Adware Litigation* until its 28 May 2015 session. Plaintiffs have taken the position before the JPML that these cases should remain in the Eastern District of North Carolina, where Lenovo's headquarters is located.

Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing Manual For Complex Litigation, Third, at 252 (1995)). A party seeking a stay in advance of a decision by the JPML must "demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on another party." *Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 8103, at *4-5 (M.D. Fla. Jan. 11, 2010) (internal quotations omitted).

Here, Plaintiffs respectfully suggest that the harm they would suffer from a stay outweighs any inconvenience to Lenovo. If Lenovo's motion was granted, then even if the JPML quickly resolved the issues pending before it, Lenovo's answer or other responsive pleading would not likely be due until late July 2015 or August 2015 at the earliest. Plaintiffs respectfully submit that, in light of the significant, ongoing security issues affecting consumers that have

---

[1] Plaintiffs recognize that plaintiffs in the related *Pick* action consented to a stay. *Pick, et al. v. Lenovo (United States) Inc.*, No. 5:15-CV-68-D, Docket No. 9 (Mar. 19, 2015). The *Pick* plaintiffs, however, are not seeking any injunctive relief to address the ongoing harm that is the subject of Plaintiffs' pending motions.

been raised in this case, such a delay in answering the complaint, or otherwise filing a responsive pleading, is unwarranted. This is especially so in light of the important issues raised in Plaintiffs' motion for preliminary injunction and motion for expedited discovery. (Docket Nos. 13, 15.) Admittedly, Lenovo does not seek to stay the proceedings related to those motions (Docket No. 41 ¶ 9), but it does seek a stay of the parties' obligations under Rule 16 and 26(f). This would pose a significant obstacle to Plaintiffs' efforts to end the ongoing harm that is the subject of their pending motions.

Finally, Plaintiffs note that Lenovo has not cited any authority that would allow it to request an extension of time on behalf of Defendant Superfish, Inc., which has not yet appeared in this action, especially without Plaintiffs' consent. Superfish is represented by counsel in the JPML, and if it desires an extension of time in this matter, there should be no obstacle to it appearing on its own behalf and requesting such relief.

In these circumstances, Lenovo has not presented good cause under Local Rule 6.1 for the lengthy extension of time requested. Plaintiffs request that the Court deny Lenovo's request, and instead allow Lenovo only a 30-day extension of time in the normal course.

This the 2nd day of April, 2015.

/s/ Alan W. Duncan  
Alan W. Duncan  
N.C. State Bar No. 8736  
Stephen M. Russell, Jr.  
N.C. State Bar No. 35552  
VAN LANINGHAM DUNCAN PLLC  
300 N. Greene St., Suite 850  
Greensboro, NC 27401  
Telephone: 336-645-3320  
Facsimile: 336-645-3330  
aduncan@vldlitigation.com  
srussell@vldlitigation.com  

/s/ Jason M. Leviton  
Jason M. Leviton  
Joel A. Fleming  
BLOCK & LEVITON LLP  
155 Federal Street  
Boston, MA 02110  
Telephone: 617-398-5600  
Facsimile: 617-507-6020  
Jason@blockesq.com  
Joel@blockesq.com  

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will provide notice of filing to counsel of record for Lenovo (United States) Inc., and will be served by first class mail on the following:

Superfish, Inc.
c/o Adi Pinhas, Agent for Service of Process
2595 East Bayshore Road, Suite 150
Palo Alto, CA 94303

Rodger R. Cole
Fenwick & West LLP
801 California Street
Mountain View, CA 94041

This the 2nd day of April, 2015.

/s/ Alan W. Duncan
Alan W. Duncan